UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA MCCARTHY

    Plaintiff,

V

FORGE INDUSTRIAL STAFFING, INC.

    Defendant.

CASE NO.: 1:20-CV-543

HON.

Gregory J. McCoy (P51419)
CUNNINGHAM DALMAN, P.C.
Attorneys for Plaintiff
321 Settlers Road, P.O. Box 1767
Holland, MI 49422-1767
(616) 392-1821
greg@cunninghamdalman.com

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Patricia McCarthy, by and through her attorneys, Cunningham Dalman PC, and for her Complaint against Forge Industrial Staffing, Inc. it is stated:

## JURISDICTION AND VENUE

1. This is an action for violations of Americans with Disabilities Act of 1990, ("ADA"), 42 U.S.C. § 12112, *et seq.,* and the Michigan Persons with Disabilities Civil Rights Act ("PDCRA"), M.C.L. 37.1101, *et seq.,*

2. Plaintiff, Patricia McCarthy, is an individual who resides in the County of Van Buren, State of Michigan.

3. Plaintiff was employed by Defendant Forge Industrial Staffing ("Forge") at its Grand Rapids, MI office until she was terminated on July 11, 2019.

1

4. Defendant Forge is an Illinois corporation with offices throughout the State of Michigan and the State of Indiana.

5. This lawsuit arises out of the Plaintiffs employment with Defendant and Defendant's discriminatory and otherwise illegal treatment of Plaintiff, including the termination of Plaintiff's employment in July 2019.

6. Jurisdiction arises under 28 U.S.C. § 1331, as this case arises under the ADA. Jurisdiction also arises under 28 U.S.C. § 1367 as Plaintiff's state law claims are factually related to the aforementioned federal claims.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## APPLICABLE FACTS

8. Plaintiff began working for Defendant on or about June 4, 2018.

9. At the time of her hiring, and up until her termination, Plaintiff worked as a "corporate administrator" for Defendant. In that role, Plaintiff performed clerical duties on the computer and over the phone.

10. These duties included Affordable Care Act tracking for temporary staff leased to 3rd parties, setting up and deactivation of temporary employee insurance benefits, assisting with weekly, monthly, yearly reports and data entry.

11. Plaintiff's duties did not require face-to-face interaction with customers, temporary employees or co-workers.

12. Plaintiff performed her job well, receiving favorable reviews.

13. Plaintiff had a planned hip replacement surgery that would take place on April 15, 2019.

14. Prior to her upcoming surgery, Plaintiff requested FMLA leave for her planned absence since she would need some recovery time after her surgery.

15. This leave was approved by Defendant.

16. On approximately March 12, 2019, prior to her upcoming surgery,

Plaintiff made a verbal request to Americo Teran, the Defendant's Human Resource Manager, to be able to perform her work from home since she knew it would take quite a while before she would have any mobility after her surgery.

17. Americo Teran responded to this March 12 request by refusing the request and explaining that only managers were allowed to use laptops.

18. On March 26, 2019, Plaintiff sent a follow up email regarding her request to Defendant to be able to do her job remotely from home after her surgery, during the period when she was not able to walk.

19. Working from home was very feasible for Plaintiff since she only needed remote computer access and to have phone calls she would have otherwise received at the office forwarded to her.

20. This 2nd request for an accommodation was also denied.

21. The FMLA leave started on April 15, 2019, the date of Plaintiff's surgery.

22. On May 29, 2019, after her surgery, Plaintiff made the same accommodation request to Defendant to come back to work, performing her job from home.

23. Defendant again denied the accommodation request.

24. Plaintiff would have been able to perform all of the essential functions of her job from home if Defendant would have permitted her to work from home.

25. Defendant refused Plaintiff's accommodation request to let Plaintiff work from home, telling her that it "is just not going to be an option".

26. The only explanation given to Plaintiff as to why the Defendant would not comply with the accommodation request is that they had a policy of not allowing non-management employees to have a laptop.

27. Plaintiff offered to purchase her own laptop and Defendant still refused to let Plaintiff work from home.

28. On July 11, 2018, Defendant emailed Plaintiff to notify her that her FMLA leave expired on July 8 and that she was being terminated effective immediately.

29. If Defendant had honored Plaintiff's accommodation request, the FMLA leave would not have expired.

30. Plaintiff had a disability as defined by applicable law.

31. Plaintiff was able to perform the essential functions of her job with an accommodation.

32. Plaintiff filed a charge (Plaintiff's "Charge") with the Equal Employment Opportunity Commission ("EEOC").  Plaintiff's Charge was filed within 300 days of the commission of the unlawful employment practices alleged in this Complaint.

33. Plaintiff received her Notice of Right to Sue letter on or about April 10, 2019 from the EEOC and has filed this Complaint within 90 days of receiving the EEOC's notice of the right to sue. Plaintiff's Notice of Right to Sue letter is attached as **Exhibit 1**.

34. The EEOC staff person had signed the letter much earlier than its mailing, and the mailing was apparently delayed due to the COVID-19 shutdown at the EEOC offices.

## COUNT I
## FAILURE TO ACCOMMODATE — ADA

35. Plaintiff restates and realleges, as if fully set forth herein, all preceding paragraphs of these pleadings.

36. Plaintiff is a qualified individual, pursuant to 42 U.S.C. 12111(8), with a disability, as defined in 42 U.S.C. 12131(2).

37. Plaintiff proposed a reasonable accommodation to Defendant in the form of working from home via telephone and computer.

38. Defendant refused this accommodation request with no explanation other than stating non-managers would not be provided a laptop to work from home.

39. The accommodation requested by Plaintiff was reasonable.

40. The accommodation requested would not have imposed an undue burden upon Defendant.

41. Defendant conducted itself with malice and/or with reckless indifference to Plaintiff's federally protected right to reasonable accommodation.

42. As a result of Defendant's actions, Plaintiff was deprived of her right to a reasonable accommodation as provided by the ADA, 42 U.S.C. 12111(9)(A)(B).

43. As a result of Defendant's failure to provide a reasonable accommodation set forth above, Plaintiff suffered and will continue to suffer damages.

THEREFORE, Plaintiff requests a judgment against Defendant that would include appropriate equitable relief, including reinstatement; back pay; front pay; appropriate legal relief, including compensation for the loss of income and benefits she suffered and that she will continue to suffer in the future, compensatory damages for all intangible damages that she suffered in the past and that she will suffer in the future; punitive damages; and all recoverable interest, attorney's fees, and any other relief this court deems fair and just.

## COUNT II
## FAILURE TO ACCOMMODATE — PDCRA

44. Plaintiff restates and realleges, as if fully set forth herein, all preceding paragraphs of these pleadings.

45. Plaintiff is a person with a disability as defined by MCL 37.1103(d).

46. Plaintiff notified Defendant in writing of the need for accommodation within 182 days after the she knew or reasonably should have known that an accommodation was needed. MCL 37.1210(18).

47. The reasonable accommodation Plaintiff proposed to Defendant as detailed above was reasonable and would not impose an undue burden upon Defendant.

48. As a result of Defendant's actions, Plaintiff was deprived of her right to a

5

reasonable accommodation under the PDCRA.

49.     Plaintiff has also suffered substantial damages, including, but not limited to loss of earnings.

THEREFORE, Plaintiff requests a judgment against Defendant that would include appropriate equitable relief, including reinstatement; back pay; front pay; appropriate legal relief, including compensation for the loss of income and benefits she suffered and that she will continue to suffer in the future, compensatory damages for all intangible damages that she suffered in the past and that she will suffer in the future; punitive damages; and all recoverable interest, attorney's fees, and any other relief this court deems fair and just.

## COUNT III
## DAMAGE TO PERSONAL PROPERTY - CONVERSION

50.     Plaintiff restates and realleges, as if fully set forth herein, all preceding paragraphs of these pleadings.

51.     Plaintiff had an expensive item of personal property, an electric typewriter, that was at her work station and was left there at her last day at the office before her surgery.

52.     Plaintiff had anticipated being able to return to work after her surgery and she had not planned on being wrongfully terminated.

53.     After Defendant terminated Plaintiff's employment, Defendant elected to mail the typewriter to her (refusing Plaintiff's request to pick it up), and despite Plaintiff's explicit warnings to Defendant to be "very careful" with the typewriter, Defendant packaged the typewriter improperly with liquids (a cleaning solution) that spilled onto the typewriter during shipping.

54.     The typewriter arrived damaged beyond repair.

55.     The replacement cost of the typewriter is $500.00.

6

56. Plaintiff has requested reimbursement for this loss, and Defendant refused.

57. Defendant's actions constitute conversion.

THEREFORE, Plaintiff requests a judgment against Defendant for the replacement cost of her typewriter; and all recoverable interest, attorney's fees, and any other relief this court deems fair and just.

Respectfully Submitted,

CUNNINGHAM DALMAN, P.C.

Dated: June 15, 2020

/S/ Gregory J. McCoy
Gregory J. McCoy (P51419)
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA MCCARTHY

    Plaintiff,

V

FORGE INDUSTRIAL STAFFING, INC.

    Defendant.

CASE NO.: 1:20-CV-543

HON.

Gregory J. McCoy (P51419)
CUNNINGHAM DALMAN, P.C.
Attorneys for Plaintiff
321 Settlers Road, P.O. Box 1767
Holland, MI 49422-1767
(616) 392-1821
greg@cunninghamdalman.com

## JURY DEMAND

Plaintiff, Patricia McCarthy, by and through her attorneys, Cunningham Dalman, P.C., hereby demands a jury trial in the above-captioned matter.

    Respectfully Submitted,

    CUNNINGHAM DALMAN, P.C.

Dated: June 15, 2020

/S/ Gregory J. McCoy
Gregory J. McCoy (P51419)
Attorney for Plaintiff

# EXHIBIT 1

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Patricia J. Mccarthy<br>73225 County Road 380<br>South Haven, MI 49090 | From: | Detroit Field Office<br>477 Michigan Avenue<br>Room 865<br>Detroit, MI 48226 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is* **CONFIDENTIAL (29 CFR §1601.7(a))**

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 471-2019-05119 | Stephen A. Van Kerckhove, Investigator | (313) 226-2025 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Michelle Eisele,
District Director

03-16-2020
(Date Mailed)

Enclosures(s)

cc:    **FORGE INDUSTRIAL STAFFING**
       c/o William Dugan
       Baker McKenzie
       300 East Randolph, Suite 5000
       Chicago, IL 60601