UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA McCARTHY,

                Plaintiff,                Case No.  1:20-cv-00543

-vs-                                              HON. SALLY J. BERENS

FORGE INDUSTRIAL STAFFING, INC.,

                Defendant.

# CASE MANAGEMENT ORDER

**IT IS ORDERED**:

| | | |
|---|---|---|
| Joinder of Parties and Amendments of Pleadings | | OCTOBER 1, 2020 |
| Rule 26(a)(1) Disclosures | Plaintiff:<br>Defendant: | OCTOBER 15, 2020<br>OCTOBER 15, 2020 |
| Disclose Name, Address and Area of Expertise of Expert Witnesses (Rule 26(a)(2)(A)) | Plaintiff:<br>Defendant: | DECEMBER 31, 2020<br>JANUARY 31, 2021 |
| Disclosure of Expert Reports (Rule 26(a)(2)(B)) | Plaintiff:<br>Defendant: | FEBRUARY 18, 2021<br>APRIL 15, 2021 |
| Voluntary Exchange of Documents | Plaintiff:<br>Defendant: | NOVEMBER 15, 2020<br>NOVEMBER 15, 2020 |
| Completion of Discovery | | JUNE 1, 2021 |
| Dispositive Motions | | JULY 1, 2021 |
| Interrogatories will be limited to: | | 25 single part questions |
| Depositions will be limited to:<br>(Fact Witnesses Per Party) | | 10 per party |
| Requests for Admission will be limited to: | | 10 per side |
| Early Settlement Conference | Before:<br>Date:<br>Time: | Hon. Ray Kent<br>NOVEMBER 18, 2020<br>1:30 P.M. |

1. <u>JOINDER OF PARTIES AND AMENDMENTS OF PLEADINGS</u>: All motions for joinder of parties and all motions to amend the pleadings must be filed by the date set forth in the table above.

2. <u>DISCLOSURES AND EXCHANGES</u>: Deadlines for exchange of Rule 26(a)(1) disclosures, names of lay witnesses, identification of experts, voluntary exchange of documents, and disclosure of expert reports under Rule 26(a)(2), if applicable, are ordered as set forth in the table above.

3. <u>DISCOVERY</u>: All discovery proceedings shall be completed no later than the date set forth in the table above, and shall not continue beyond this date. All interrogatories, requests for admissions, and other written discovery requests must be served no later than thirty days before the close of discovery. All depositions must be completed before the close of discovery. Interrogatories will be limited as set forth in the table above. Depositions will be limited as set forth in the table above. There shall be no deviations from this order without prior approval of the court upon good cause shown. Time limitations for depositions set forth in Rule 30(d)(1) apply to this case.

4. <u>MOTIONS</u>:

    a. Non-dispositive motions shall be filed in accordance with W.D. Mich. LCivR. 7.3. In accordance with 28 U.S.C. § 471, et seq., it is the policy of this Court to prohibit the consideration of discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

    b. Dispositive motions shall be filed in accordance with W.D. Mich. LCivR 7.2 by the date set forth in the table above. If dispositive motions are based on supporting documents

such as depositions or answers to interrogatories, only those excerpts which are relevant to the motion shall be filed.

5. ALTERNATIVE DISPUTE RESOLUTION: The parties have chosen to participate in an early settlement conference with the magistrate judge. An early settlement conference has been scheduled as set forth above. The requirements for a settlement conference set forth in the paragraph below will also apply to the early settlement conference

6. SETTLEMENT CONFERENCE: The parties are under an ongoing obligation to engage in good faith settlement negotiations. A settlement conference has been scheduled before the magistrate judge as set forth above.

a. Persons Required to Attend. Unless excused by a showing of good cause, the attorney who is to conduct the trial shall attend the settlement conference, accompanied by a representative of the party with full settlement authority. Both shall attend in person. The person with settlement authority must come cloaked with authority to accept, without further contact with another person, the settlement demand of the opposing party. An insured party shall also appear by a representative of the insurer who is authorized to negotiate and to settle the matter (within policy limits) up to the amount of the opposing parties' existing settlement demand. W.D.Mich. LCivR 16.8.

b. Settlement Letter to Opposing Party. A settlement conference is more likely to be productive if, before the conference, the parties have had a written exchange of their settlement proposals. Accordingly, at least fourteen (14) days prior to the settlement conference, plaintiff's counsel shall submit a written itemization of damages and settlement demand to defendant's counsel with a brief explanation of why such a settlement is appropriate. No later than seven (7) days prior to the settlement conference, defendant's counsel shall submit a written offer to plaintiff's counsel

with a brief explanation of why such a settlement is appropriate. This may lead directly to a settlement. If settlement is not achieved, plaintiff's counsel shall deliver or e-mail copies of these letters to Judge Kent's chambers no later than three (3) business days before the conference. Letters should be mailed, hand delivered, or emailed to kentmediation@miwd.uscourts.gov. Do not file copies of these letters in the Clerk's Office.

   c. <u>Confidential Settlement Letter to Court</u>. In addition, three (3) business days before the conference, each party or their attorney shall submit to Judge Kent's chambers a confidential letter concerning settlement. Letters should be mailed, hand delivered, or emailed to kentmediation@miwd.uscourts.gov. A copy of this letter need not be provided to any other party. Do not file a copy of this letter in the Clerk's Office. All information in the settlement letter shall remain confidential and will not be disclosed to any other party without the approval of the writer. The confidential settlement letter shall set forth: (a) the name and title of the party representative who will be present at the settlement conference, with counsel's certification that the representative will have full authority to settle, without the need to consult with any other party; (b) a very brief explanation of the nature of the case, including an identification of any parties added or dismissed since the time of filing; (c) a history of settlement negotiations to date, including all offers, demands and responses (the letter should not, however, divulge any offer made in the context of a voluntary facilitative mediation); (d) the policy limits of any relevant insurance coverage; (e) the limits on settlement authority given to counsel by the client; (f) that party's suggestions concerning the most productive approach to settlement; (g) any other matter that counsel believes will improve the chances for settlement. Plaintiff shall also provide an estimated range of damages recoverable at trial and a brief analysis of the method(s) used for arriving at the estimate(s).

**IT IS SO ORDERED.**

Dated: September 22, 2020    /s/ Sally J. Berens
SALLY J. BERENS
United States Magistrate Judge