UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA MCCARTHY,                          Case No. 1:20-cv-543

     Plaintiff,                              HON. Janet T. Neff

v

FORGE INDUSTRIAL STAFFING, INC.,

     Defendant.

| | |
|---|---|
| Gregory J. McCoy (P51419) | William F. Dugan |
| CUNNINGHAM DALMAN, P.C. | Remi Balogun |
| Attorneys for Plaintiff | BAKER & MCKENZIE LLP |
| 321 Settlers Road | Attorneys for Defendant |
| Holland, Michigan 49423 | 300 East Randolph Street, Suite 5000 |
| (616) 392-1821 | Chicago, IL 60601 |
| | (312) 861-4208 |

**PLAINTIFF'S RESPONSE BRIEF TO DEFENDANT'S MOTION TO STRIKE
PLAINTIFF'S EVIDENCE OFFERED IN OPPOSITION TO FORGE'S MOTION FOR
SUMMARY JUDGMENT**

     Plaintiff, Patricia McCarthy, by and through her attorneys, Cunningham Dalman, PC,

responds to Defendant's Motion to Strike Evidence, stating as follow:

     Defendant asserts that certain portions of Ms. McCarthy's affidavit were not based on

personal knowledge.  However, this is untrue, and Forge does not explain how it knows

everything that Ms. McCarthy knows.  The first three bullet pointed items on Page 3 of

Defendant's Brief are all based on either email correspondence with Americo Teran, or Ms.

McCarthy's review of the depositions of the Forge employees.  All of the documents to support

these assertions, including deposition cites (and related pages) are included in Plaintiff's

1

Response Brief.   To reiterate, Forge's emails and depositions make clear that the decision to not allow her to work remotely was based on the company policy, and not the doctor's notes.   See Plaintiff's Response Brief, Exhibit D (Teran email: "working from home is just not going to be an option"; Teran dep p25:10-13; Teran dep 28:12-21; Teran dep p27:4-24, Yonkers dep p24:10-13).  (**Exhibit A**)

Next, Defendant's brief, near the bottom of page 3, bullet points other paragraphs in Ms. McCarthy's Affidavit, each of which are addressed here:

I.      Defendant challenges Paragraph 17 of her Affidavit when she says: "I could perform all of the essential functions of my job from home."

However, there is no dispute that Ms. McCarthy has detailed personal knowledge of her job duties and how her duties were performed.   Therefore, Ms. McCarthy is able to make the statement from personal knowledge in Paragraph 17 since:  1) she knows what her job duties are, and 2) she is equally if not more suited to understand the day-to-day reality of her job and what it entailed to do her job, and that the nature of her duties did not rely on her physical location while performing them.

For example, as Ms. McCarthy stated in her affidavit, her only job duty on behalf of Betsy Yonkers was preparing financial reports, and after an initial learning curve to understand how to do the reports, she no longer met with Betsy Yonkers.   Her affidavit also states that she would go many days at a time without seeing Betsy Yonkers and when she would, it was short informal discussions with Betsy stopping by her cubicle to say hello.   McCarthy Decl. Par. 35 and 36.   Defendant also agrees with or do not challenge Ms. McCarthy's other supporting facts that Ms. McCarthy performed all of her job duties by telephone and through use of the computer

(McCarthy Decl. Par. 27) or that her work did not require face-to-face interaction. McCarthy Decl, Par 37; Teran dep. 17-18, 19:1-3). (**Exhibit A**).

Based on these facts, Ms. McCarthy is able to testify from personal knowledge that if she was working at home, set up with a computer and other basic office equipment, that it would have been no different than sitting in a cubicle at Forge's offices.

In addition, Forge is being disingenuous since it makes assertions that Ms. McCarthy could not perform the essential functions of her job from home, yet it objects to Ms. McCarthy for using the same verbiage.   However, at least Ms. McCarthy provides facts to show how it would be done, and Forge has provided nothing to show that it could not be done.

Forge based virtually their entire argument on the last two doctor's notes that omitted the reference to her being able to work from home.  However, it is unsupported by the actual facts since the treating physician provided an affidavit explaining the doctor's notes, and Forge admits in their depositions that doctor's notes were not even considered when they made their decision to not let her work from home.  Instead, Forge admits they were only relying on their written policy about hourly workers being prohibited from working remotely to deny Ms. McCarthy her requested accommodation (see deposition cites above).

II.     Defendant challenges Paragraph 24 of Ms. McCarthy's affidavit where she says: "If working from home, I would have been able to communicate verbally and effectively with management and co-workers over the telephone, since my position did not require face-to-face interaction."

First, Defendant presents no evidence whatsoever to rebut Ms. McCarty's statement, and again, Ms. McCarthy has personal knowledge of the dictates of her job.  She has personal knowledge of the types of communications she has, including the content and length, and that she had no need for face-to-face interaction (also supported by Forge) she is able to testify from personal knowledge that her communications could all be done over the telephone.

III.     Defendant challenges Paragraph 25 of Ms. McCarthy's affidavit where she says: "If working from home, I would have had the ability to answer phone calls and forward calls as necessary, even when answering all of the calls that came into the general number, if so requested by Forge."

However, Ms. McCarthy has personal knowledge of her ability to answer phone calls wherever she happens to be sitting, whether at home or in a cubicle in an office.  She is personally aware of call forwarding features on phones.    She is also personally aware of her willingness to have answered all of the phone calls in the general number, if that was a task she had been assigned.

IV.     Defendant challenges Paragraph 26 of Ms. McCarthy's affidavit where she says: "If working from home, I would have been able to review, print, can and mail private and confidential documents which were located in or sent to the Forge office or on Forge systems by use of standard office equipment such as a printer and scanner."

4

However, Ms. McCarthy has personal knowledge of her physical and mental capabilities, and that standard office equipment can be placed in someone's home, to enable them to review, print, scan and mail documents.  Further, Ms. McCarthy is personally aware that technology exists that enables people to work securely on computers, including transmitting information back and forth with other people.

V.      Defendant challenges Paragraph 28 of Ms. McCarthy's affidavit where she says: "Any collaboration with co-workers to do my job could have been done over the telephone since my job did not require face to face interaction with anyone."

This paragraph is effectively another version of Paragraphs 17 and 24, where Ms. McCarthy is describing from personal knowledge of how her job is performed, and that it did not require face-to-face interaction for it to be performed.

VI.     Defendant challenges Paragraph 30 of Ms. McCarthy's affidavit where she says: "I was considered a good employee and could have performed all of the essential functions of my job from home with a computer, telephone, scanner and printer and I would have done it effectively at home."

However, Ms. McCarthy received favorable employment reviews, and a copy was provided to her so she is aware of its contents.  Defendant does not challenge that Ms. McCarthy was a good employee, nor does it provide any evidence that Ms. McCarthy would not have been effective doing her job from home.  The remainder of the paragraph is similar to other paragraphs that were already addressed above.

VII.    Defendant challenges Paragraph 34 of Ms. McCarthy's affidavit where she says: "If I was working from home, if requested by Forge, I could have answered every call into the general number and then forwarded the call to the correct person."

This paragraph is virtually the same as paragraph 25, addressed above.

VIII.   Defendant challenges Paragraph 41 of Ms. McCarthy's affidavit where she says: "I was also capable of doing jobs of other clerical staff, such as data entry, to free up the 5 minutes a day it would take someone to scan the few pieces of mail that I was responsible for addressing."

However, Ms. McCarthy has personal knowledge of the data entry work performed by other employees.  This is basic information that employees pick up through small talk at the office, on lunch breaks or wherever.  Data entry was also a job Ms. McCarthy had, so she knows how to do it.  Ms. McCarthy is also personally familiar with how much mail she received and how long it takes to scan mail.   Ms. McCarthy does not need to present a time study to show how long it takes to scan a few pieces of mail, and she is entitled to utilize her personal observations to state how long it would take to scan her mail.

In Defendant's conclusion to Section I of its Brief, it then proceeds to argue that Ms. McCarthy would not know how she could perform her work from home since she had never worked from home.  However, Defendant has no basis to claim that Ms. McCarthy could not work from home since they never let her try.   At least Ms. McCarthy presents facts to show how the work could have been done, while Defendant presents nothing to show that it could not be

6

done, relying only on the debunked argument about the doctor's notes to claim she could not perform her job.

Defendant also argues that Ms. McCarthy provides no foundation for statements about the technology that would have been necessary to perform her job from home.  However, the "technology" are standard computers available at Best Buy, a phone, a scanner and printer, and no one has challenged Ms. McCarthy's familiarity with these items since she used them at Forge's offices.  Any software requirements for confidentiality were addressed in the expert report submitted.  Lastly, Forge presents no facts whatsoever that the technology was not available for Ms. McCarthy to work from home.


## II. Plaintiff's Expert Report must be considered in opposition to the motion.

Defendant's Motion challenges the expert report submitted by Ms. McCarthy.  The expert report provides evidence that there was technology available during the period of Ms. McCarthy's employment that would have allowed her to work remotely in a secure manner. Importantly, the expert report is not even needed since Defendant failed to submit any facts whatsoever that Ms. McCarthy could not work securely while she was employed at Forge.  Ms. McCarthy only obtained the expert report out of caution since Forge was making this argument about computer security in pre-suit correspondence.  However, Forge abandoned this argument by failing to submit a single piece of evidence that remote work could not performed securely during the period of Ms. McCarthy's employment.

Despite no argument or facts from Defendant on the issue about computer technology, Plaintiff obtained and submitted the Expert Report of Phil Austin, an expert in computer security

matters.  Mr. Austin's expert report complies with the requirements of Rule 26(a)(2)(B), which rule does not require it be sworn to under oath.   Further, his opinions and evidence are admissible under Rule 702 of the Federal Rules of Evidence.

In addition, Defendant's argument relies on case law interpreting Rule 56 before it was substantially amended in 2010, and under the prior rule unsworn expert reports were sometimes rejected for consideration in a summary disposition proceeding.  The case of *Hope v. Hewlett-Packard Co.*, 2016 U.S. Dist. LEXIS 26878, *5 (**Exhibit B**), specifically mentions the cases relied on Defendant on this issue as no longer being applicable law, and provides a discussion of the effect of modification of Rule 56 on the admission of expert reports.  The case of *Patel v. Texas Tech University*, 941 F.3d 743, 746-747 (2017), further addresses this issue, stating the district court mistakenly relied on prior version of Rule 56 to disregard an unsworn expert report to oppose a motion for summary disposition.

With the modifications to Rule 56, information submitted in support of or to oppose a motion summary disposition only needs to be admissible at trial.   As stated in Hope, "Significantly, the objection contemplated by the current version of Rule 56 is not that the material "has not" been submitted in admissible form, but that it "cannot" be.

In other words, if Ms. McCarthy (through her counsel) is able, at trial, to have Mr. Austin qualified as an expert, and the other requirements of Rule 702 are satisfied, he can identify the report submitted in response to the Motion for Summary Disposition, and then the report is admissible into evidence.  Mr. Austin can also testify as to the contents of the report, including opinions about the status of the technology available to Forge during the period of Ms. McCarthy's employment with Forge to allow her to work remotely in a secure manner.

Further, out of caution, an Affidavit of Phil Austin, under oath, is submitted as part of this response, attesting to his preparation of the report. (**Exhibit C**).   This affidavit also reiterates the time frame of the technology he is discussing.

## III.  The Expert Report is discussing the technology available during Ms. McCarthy's Employment.

Defendant argues that the February, 2021 expert report should be disregarded, claiming it is only discussing technology in existence two years after Ms. McCarthy's employment ended in July, 2019.  However, this is untrue.  The report, as shown by Sections 3 and 14, is referring to the specific work performed by Ms. McCarthy as part of her regular job duties while at Forge, so the purpose of the report is to discuss technology in existence when she worked at Forge.   For the avoidance of any doubt, the Affidavit of Phil Austin reiterates the time period his report is referring to.

Further, there is nothing in the expert report limiting the time frame of the availability of the technology discussed in the report.  In other words, there is nothing in the record to suggest that all of this technology was invented after Ms. McCarthy's employment ended.  Further, Forge has failed to submit any evidence that the technology was not available during the period of Ms. McCarthy's disability, abandoning this baseless argument.

Also, contrary to Defendant's arguments, the expert does not need to render an opinion as to what technology Forge actually utilized during the period of Ms. McCarthy's disability.  Forge may already have had technology to perform work securely during this timeframe, but in the event it did not, the expert report shows it was readily available.  As an accommodation, if Forge

lacked the technology to perform remote work securely, it was mandated by the ADA to utilize

the technology to enable Ms. McCarthy to continue to perform her job.

WHEREFORE, Plaintiff Patricia McCarthy respectfully requests this Court deny

Defendant's Motion to strike evidence.

Respectfully Submitted,


Date:   September 7, 2021                    By: */s/ Gregory J. McCoy*_____
                                            Gregory J. McCoy (P51419)
                                            Attorney for Plaintiff


CUNNINGHAM DALMAN, PC
321 Settlers Road
Holland, MI 49423
Tel: (616) 392-1821
*Attorneys for Plaintiff*